Affirmed; Opinion of August 27, 2002, Withdrawn; and Opinion on
Rehearing and Concurring and Dissenting Opinions on Rehearing









Affirmed; Opinion of August 27, 2002, Withdrawn;  and Opinion on Rehearing and Concurring and
Dissenting Opinions on Rehearing filed April 24, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-00-00765-CV

____________

 

TANOX, INC. f/k/a TANOX BIOSYSTEMS,
INC., Appellant

 

V.

 

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P., ROBINSON LAW
FIRM, WILLIAMS, BIRNBERG & ANDERSEN, L.L.P., MICHAEL J. MADIGAN, MICHAEL J.
MUELLER, KENNETH M. ROBINSON, and

GERALD M. BIRNBERG Appellee

 



 

On Appeal from the 11th District
Court

Harris County, Texas

Trial Court Cause No. 97-55960

 



 

DISSENTING 
OPINION  TO  THE 
GRANTING  OF  REHEARING








Originally, we sustained Tanox=s claims that the trial court erred
in granting summary judgment in favor of the Individual Lawyers on the
affirmative defenses of res judicata and collateral estoppel.  On rehearing, a majority of the panel
concludes we erred in so holding. 
Because I do not agree, I respectfully dissent to the granting of
rehearing.

Subsequent to its February 16, 2000 amended interlocutory
order confirming the arbitration award, the trial court, on March 28, 2000, the
trial court granted summary judgment in favor of the Individual Lawyers based
on res judicata and collateral estoppel and entered a final judgment.

I agree that an arbitration award that has been confirmed by
the trial court ordinarily has a preclusive effect as to parties in subsequent
proceedings.  The discrete issue in this
case is the trial court=s interlocutory order confirming the arbitration award and
the order granting summary judgment in favor of the Individual Lawyers were in
the same trial court proceeding.  The
majority proposes that the arbitration proceeding and Tanox’s
motion to vacate, which was in effect an appeal of the final arbitration award,
were part of a proceeding separate from the proceeding in which the claims
against the Individual Lawyers were heard. 

I disagree.  The
arbitration award, whether confirmed or unconfirmed, was interlocutory.  At that point, Tanox could not take an appeal
of the award in the absence of the trial court entering a final judgment, which
it did so subsequently.[1]  Thus, there was no final judgment and,
therefore, the award had no preclusive effect. 








Because there was no final judgment as to the arbitration
award, as required for both res judicata and collateral estoppel, I would find
the trial court erred in granting summary 




judgment in favor of the Individual Lawyers on the affirmative defenses
of res judicata and collateral estoppel. 
Accordingly, I dissent to the granting of rehearing.

 

 

/s/        J. Harvey Hudson

Justice

 

 

Judgment rendered and Opinion on Rehearing and
Concurring and Dissenting Opinions on Rehearing filed April 24, 2003.

 

Panel consists of Justices Hudson, Fowler, and
Edelman.  (Fowler, J., concurring on
rehearing on Part VIII, joined by Edelman, J.) 
(Hudson, J., dissenting to rehearing of Part VIII).











[1]  A final
judgment as to the Lawyers= arbitration award against Tanox could have been
achieved by severing Tanox=s claims against the Individual Lawyers.  At that point, there would have been a final
judgment and summary judgment based on res judicata and collateral estoppel in
favor of the Individual Lawyers would have been appropriate.  In the absence of a severance, an order from
an appellate court remanding the summary judgment to the trial court necessary
severs the action from the remainder of the case, thereby creating a final
judgment.